**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12792

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDWARD JEROME ROLLE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20688-DSL-1

————————————

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

After Edward Rolle violated the terms of his supervised release, he was sentenced to nine months' imprisonment and four years of supervised release. He appeals his sentence, arguing that

it was procedurally and substantively unreasonable. Because the sentence was reasonable, both procedurally and substantively, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2013, Rolle was convicted of possessing a firearm as a felon and sentenced to fifteen years' imprisonment and five years of supervised release. But in March 2025, the district court reduced his sentence to time served because he substantially assisted the federal government in a murder trial, and he began his supervised release.

Less than two months later, Rolle's probation officer notified the district court that Rolle violated the conditions of his release by twice testing positive for cocaine. The district court accepted the probation officer's recommendation to take no action in response to those positive tests.

Six weeks after that, the probation officer filed a petition for a warrant, alleging four more positive cocaine tests and a failure to submit to additional testing, so the district court ordered Rolle to appear to address the violations of his release conditions. After a hearing, a magistrate judge released Rolle on the condition that he not violate the law or his supervised-release conditions.

But Rolle violated those conditions too. In July, Rolle's probation officer filed a superseding petition with the district court alleging three more violations, based on three additional positive

cocaine tests. The probation officer recommended the district court revoke Rolle's supervised release.

The district court held a revocation hearing. Rolle admitted to the seven positive cocaine tests. But he did not admit to the alleged violation for failing to submit to testing. The district court held that violation in abeyance because "admitting to one [violation] is often enough" to revoke supervised release. The district court noted that the statutory maximum sentence was five years' imprisonment and that the United States Sentencing Guidelines recommended eight to fourteen months' imprisonment.

The district court considered the recommendations of the government, the probation officer, and Rolle. The government said a residential drug treatment program was one option, if Rolle would participate. If not, the government recommended imprisonment as the best option. For his part, Rolle asked to delay the sentencing so he could take more drug tests and determine whether a drug treatment program would be appropriate.

Rolle then allocuted. He admitted failing his drug tests and declining to participate in a drug treatment program, but he said he did so to avoid raising suspicion in his community that he was a government informant. Rolle told the court that using cocaine was something he could "put to the side when [he wanted] to," but he was "doing it for a specific purpose at the moment."

The district court sentenced Rolle to nine months' imprisonment followed by four years of supervised release. This was the appropriate sentence, the district court explained, because Rolle

had to learn to "comply with terms and conditions that lessen . . . the risk for the community," and because of his "flagrant violations and clear, unequivocal statements that he ha[d] not accepted any of the chances" his probation officer had tried to give him.

## STANDARD OF REVIEW

We review for abuse of discretion the procedural and substantive reasonableness of a sentence. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

## DISCUSSION

A district court's sentence must be "procedurally and substantively reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Rolle argues his sentence was neither. We disagree.

*The sentence was procedurally reasonable.*

As to the procedural reasonableness of his sentence, Rolle argues that it was "not reasonably related to any proper sentencing factor." A sentence is procedurally unreasonable if the district court commits a "significant procedural error," including treating the sentencing guidelines as mandatory, basing the sentence on clearly erroneous facts, or failing to consider the appropriate sentencing factors and explain the chosen sentence. *Gall*, 552 U.S. at 51. The district court must consider the sentencing range based on the guidelines. *United States v. Campbell*, 473 F.3d 1345, 1348–49 (11th Cir. 2007). It must also consider the relevant factors established in 18 U.S.C. section 3553(a), but it need not explicitly say that

it has done so.[1] *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017).

Rolle's sentence was not procedurally unreasonable because the district court didn't commit a significant procedural error. The district court referenced the sentencing guidelines, noting that they were "not binding on the [c]ourt." Then, it considered the appropriate section 3553(a) factors and explained why it was sentencing Rolle to a term of imprisonment and supervised release.

The district court imposed the sentence because of Rolle's "serial conduct." He'd had several opportunities to conform his conduct to his release conditions and rejected them all. The district court pointed out that Rolle would continue to face the same choice again, and the district court was concerned about the possibility "that anyone would ever be hurt because of inebriation due to cocaine." The court's reasons for the prison sentence implicated several relevant sentencing factors, including "the nature and circumstances" of Rolle's supervised-release violations, Rolle's "history and characteristics," and the need to deter him from criminal conduct in the future and "to protect the public" from possible future crimes. *See* 18 U.S.C. § 3553(a)(1), *id.* § 3553(a)(2)(B)–(D).

Rolle argues the district court made two procedural errors. First, he says the district court imposed the sentence to punish him

---

[1] When revoking a term of supervised release, a district court must consider most (but not all) of the section 3553(a) factors. 18 U.S.C. § 3583(e); *see Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025).

for rejecting his probation officer's initial request that he enter a drug treatment program, which Rolle says the district court considered disrespectful to the probation officer. But Rolle's choice to decline the probation officer's recommendation of treatment was not the basis for the sentence. Instead, the district court explained that the sentence was based on repeated, knowing, and intentional violations of his release conditions, and the possibility of future harm to the community.

Second, Rolle argues his sentence was based on "future, speculative, hypothetical crimes." He says that the district court repeatedly "assumed that it must protect the community from" Rolle's driving under the influence, even though Rolle had never been convicted or accused of doing so. Thus, he argues, the sentence was essentially based "on erroneous facts and conjecture." But the need to deter future criminal conduct and to protect the community are relevant considerations for a sentencing court. *Id.* § 3553(a)(2)(B)–(C). And given that Rolle admitted to seven positive cocaine tests over a three-month period and had recently obtained a driver's license, it was a reasonable inference that Rolle posed a risk to the community, despite his statement that he could "put" cocaine "to the side when [he] want[ed] to." Although the district court referenced the community-protection factor once in connection with driving specifically, it also generally discussed the risk Rolle's cocaine use posed for the community with no reference to driving. In short, the sentence was not based on improper speculation.

*The sentence was substantively reasonable.*

As to the substantive reasonableness of his sentence, Rolle contends the nine months does not serve the purpose of supervised release. A prison sentence, he maintains, "does nothing to advance" his rehabilitation and reintegration into society.

A sentence is substantively unreasonable when a district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189. We generally defer to a district court's consideration of the relevant sentencing factors, *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018), and we "ordinarily expect a sentence within the [g]uideline[] range to be reasonable." *Gonzalez*, 550 F.3d at 1324.

Rolle's sentence was substantively reasonable. It was within the guideline range, and we see no error in the district court's judgment. Rolle admitted he had violated his release conditions seven times within three months. These were not insignificant violations, but positive drug tests showing he was using a dangerous and federally controlled substance. Rolle continued to violate his supervised-release conditions, intentionally and strategically, even after the probation officer and the district court gave him multiple opportunities and warnings to follow his conditions. The district court was justified in choosing a sentence with the guideline range.

Rolle's only argument that the sentence was substantively unreasonable is that it did not serve the rehabilitative purposes of

supervised release.  But the factors a district court must consider when revoking supervised release include more than just rehabilitation.  *See* 18 U.S.C. § 3583(e).  They include the nature and circumstances of the violations, the defendant's history and characteristics, and the need to protect the public and deter future violations.  The district court's decision to weigh these factors over the need for rehabilitation and reintegration was not substantively unreasonable.

**AFFIRMED.**